# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JUDY BAILEY, guardian** *ad litem* **and
next friend for M.W. and V.W., minors**,

    Plaintiff,

v.                                                    **CIVIL NO. 96-0959 LH/DJS**

**HARRY PACHECO,** *et al.*,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. **THIS MATTER** comes before the Court upon Plaintiff's Motion to Exclude Testimony

of Mary Grealish filed February 1, 1999 (Docket No. 293). This motion has been referred to the

Magistrate Judge handling the case for proposed findings and a recommended disposition. The

motion seeks to exclude the testimony of Defendant Rachelle Olivas' proposed expert, Mary Grealish,

from the trial of this case. Plaintiff asserts that Ms. Grealish's report is inadequate to establish the

admissibility of her testimony or her qualifications as an expert witness.

2. This case stems from the physical and sexual abuse of M.W. while a foster child under the

care of Defendants Rachelle and Santiago Olivas.. Plaintiff asserts that the social worker Defendants

placed M.W. and her sister, V.W. under the care of the Olivas Defendants in wanton disregard of the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and
recommendations, that party may, pursuant to Fed.R.Civ.P. 72(b), file written objections to such
proposed findings and recommendations.  A party must file any objections within the ten-day
period allowed if that party wants to have appellate review of the proposed findings and
recommendations.  If no objections are filed, no appellate review will be allowed.

children's needs. Plaintiff further asserts that the social workers exhibited deliberate indifference to the needs of the children while they were staying with the Olivas Defendants. Plaintiff contends that the failure to protect the children against a pattern and practice of physical and emotional abuse constituted an abandonment of professional judgment. The social worker Defendants assert that the placement of the children in the Olivas home was appropriate and deny that they violated professional judgment or exhibited deliberate indifference to the children's needs. In addition, Defendants assert that Plaintiff bears a portion of the fault for the placement and treatment of the children. The Olivas Defendants deny that they abused M.W. and V.W.. Further, Defendant Rachelle Olivas contends that she informed all appropriate professionals of M.W.'s extensive physical and psychological ailments and took all reasonable measures to care for her health and welfare.

**DAUBERT**

3. Plaintiff asserts that the Court must exercise its gatekeeping function pursuant to Fed.R.Evid. 702 and Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). However, the Tenth Circuit Court of Appeals has held that essentially the same Rule 702 analysis applies subsequent to the Daubert decision except in cases involving unique, untested, or controversial methodologies or techniques. Compton v. Subaru of America, 82 F.3d 1513, 1518 (10th Cir. 1996). Compton involved a challenge to the admissibility of the testimony of an automotive engineer who offered an opinion as to the design of an automobile roof. Id. at 1516. The defendants argued that because the engineer's testimony lacked reliability because he did not rely on industry data and did not refer to any scientific principles or knowledge supporting the standard he asserted for automobile roof crush resistance. Id. at 1517. The defendants also argued that the testimony should have been excluded because there was no peer review, no testing, and no evidence of general acceptance of the

engineer's theory. Id. In forming his opinion in Compton, the engineer relied upon his inspection of the accident vehicle and an identical, undamaged vehicle and comparison of headroom measurements in the accident vehicle with measurements from other accident vehicles he examined over the course of his career. Id. at 1516. The Tenth Circuit Court of Appeals held that the engineer's conclusions were made by drawing upon general engineering principles and twenty-two years of experience as an automotive engineer and that, absent some particular methodology or technique, Daubert had little bearing on his testimony. Id. at 1519.

4. Ms. Grealish proposes to testify to the appropriateness of Defendant Rachelle Olivas' actions in caring for M.W. in light of the applicable standards of care on the part of foster parents. Ms. Grealish opines that Defendant Rachelle Olivas did not err in accepting M.W. and V.W. and that her failure to refuse to care for the children or seek respite from their care did not violate her duty as a foster Parent. Ms. Grealish further opines that the measures taken for M.W.'s care by Rachelle Olivas were reasonable efforts to provide the child with appropriate foster care. Plaintiff has presented no argument or evidence that analysis of Defendant Rachelle Olivas' actions in light of the standards of care for foster parents and the strictures of the foster care system constitutes a unique, untested, or controversial methodology. Consequently, Daubert analysis does not apply to this case. Compton, 82 F.3d 1518.

**Fed.R.Evid. 702**

5. Under Federal Rule of Evidence 702, the question is whether scientific, technical, or other specialized knowledge will assist the trier of fact to determine a fact in issue. The Court appreciates Plaintiff's frustration with the resume provided by Ms. Grealish, which constitutes a masterpiece of academic doublespeak and near Orwellian obfuscation. Based solely upon that document, it is

remarkably difficult to ascertain exactly what duties Ms. Grealish has undertaken in the course of her work career. Further, Ms. Grealish does not set out her experience in great detail. For example, on the third page of her resume, which is attached to the instant motion as Exhibit A, Ms. Grealish states that she has authored over seventy training manuals on a variety of topics, some of which appear to be related to the subject matter of this lawsuit. Her failure to appropriately list the title and publishing information regarding those manuals should be remedied immediately, in order to allow Plaintiff to examine them if she so chooses.

6. The lack of specificity regarding Ms. Grealish's qualifications as an expert is remedied by an additional statement regarding her training, work, and life experience which is attached to Defendant's Response to the instant motion as Exhibit 1A. That document reveals that Ms. Grealish has reviewed and qualified numerous parents to provide foster home and has extensively trained foster parents in the care of high needs children. In addition, Ms. Grealish has supervised foster parents and served as a foster mother to seventeen children. Further, she has developed and implemented standards for foster care systems in numerous states and localities. Based upon these qualifications, Plaintiff's motion to disqualify Ms. Grealish as an expert at this point must fail. See United States v. Markum, 4 F.3d 891, 896 (10th Cir. 1993)(Experience alone can qualify a witness to give expert testimony). Plaintiff asserts that Ms. Grealish has no experience with New Mexico's standards of foster care. However, that fact goes to the weight, rather than the admissibility of her testimony. Further, contrary to that assertion, Ms. Grealish had given a number of workshops regarding foster care in New Mexico and has evaluated New Mexico's child welfare system, resulting in her becoming familiar with the policies and procedures which govern foster care in this state. Defendant's Response (Docket No. 295), Exhibit 1A, page 8.

**SUBJECT MATTER OF OPINION**

7. Plaintiff asserts that Ms. Grealish's report reveals that she is not prepared to give opinions which will aid the jury in understanding the evidence or determining a fact in issue. This Court disagrees. The average juror cannot be expected to be familiar with the procedures governing foster parents or the obstacles those procedures entail. Further, this Court optimistically asserts that the behavior of abused and neglected children is not a subject with which the jurors will have a great deal, or any, experience. Ms. Grealish's opinion speaks to these, as well as other relevant matters. The fact that her opinion also includes legal conclusions or statements which lie outside her area of expertise does not render it presumptively inadmissible. Rather, it provides Plaintiff with fuel for timely trial objections and subject matter for cross-examination.

**RECOMMENDED DISPOSITION**

That Plaintiff's Motion to Exclude Testimony of Mary Grealish be denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**