IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDY BAILEY, guardian *ad litem* and next
friend for M.W. and V.W., minors,

      Plaintiff,

    vs.                                              No. CIV 96-959 LH/DJS

HARRY PACHECO, RAUL GONZALES,
SHARON MULLEN, BRENDA SANDBERG,
SUSAN ELAM, MAUREEN GRINDELL,
EFFIE OSBORNE, JOHN KALEJTA, NORA
BUCHANAN, SANTIAGO OLIVAS,
ROCHELLE OLIVAS and JAMES ATKINS, in
their personal capacities acting under color of
state law,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Social Worker Defendants' Motion for Summary Judgment on Adoption Assistance and Child Welfare Act (AACWA Motion)(Docket No. 420), filed July 6, 1999. The Court, having reviewed the Motion, the accompanying memoranda, the record, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken in part and will be **granted in part** and **denied in part**.

Defendants Atkins, Sandberg, Elam, Osborne, Gonzales, Grindell, Mullen, Kalejta, and Buchanan (AACWA Defendants) move for summary judgment as to Count V of Plaintiff's First Amended Complaint, which brings a claim under the Adoption Assistance and Child Welfare Act (AACWA), 42 U.S.C. §§ 620-628, 670-679a. Pursuant to § 671(a),

> In order for a State to be eligible for payments under this part, it shall have a plan approved by the Secretary which—
> . . .
> (9) provides that the State agency will—
> (A) report to an appropriate agency or official, known or suspected instances of physical or mental injury, sexual abuse or exploitation, or negligent treatment or maltreatment of a child . . . under circumstances which indicate that the child's health or welfare is threatened thereby.

42 U.S.C. § 671(a)(9)(A). Plaintiff alleges that Defendants Pacheco, Gonzales, Mullins, Sandberg, Elam, Grindell, Osborne, Kalejta, Buchanan, and Atkins (Social Worker Defendants) violated this provision by failing "to report known or suspected instances of physical or mental injury, sexual abuse or exploitation, or negligent treatment or maltreatment of M.W., [sic] and other foster children." (First Am. Compl. ¶ 80.)

The Court previously has ruled that this provision of the AACWA creates a private right of action under which Plaintiff has stated a claim on behalf of M.W. (Mem. Op. and Order of Apr. 3, 1998, at 18-23.) The AACWA Defendants purport to revive their earlier legal arguments that there is no private right of action, pursuant to 42 U.S.C. § 671(a)(9), redressable under § 1983. Their efforts in this regard, however, consist solely of stating the same in a footnote, totally without argument, new or otherwise. (*See* AACWA Memo. Supp. at 1 n.1.) To the extent that this issue is asserted in the AACWA Motion, the Court finds that the Motion is not well taken.

The Court notes that although Plaintiff charged Defendant Pacheco with violation of the AACWA, (*see* First Am. Compl. ¶ 80), he did not join the AACWA Defendants in bringing this Motion for Summary Judgment, nor did Plaintiff discuss Pacheco's culpability in her response to the Motion. In his own Motion for Summary Judgment (Docket No. 382), filed July 2, 1999, however, Pacheco incorporated by reference the arguments raised by the other Defendants in their motions for

summary judgment, including specifically, the AACWA Motion. (*See* Def. Harry Pacheco's Am. Mem. Supp. Mot. Summ J. at 29.) Plaintiff responded to this portion of Pacheco's Motion for Summary Judgment by incorporating by reference her response to the AACWA Motion. (*See* Pl.'s Resp. Pacheco's Mot. Summ. J. at 21.) As Plaintiff has in no way met Pacheco's argument for summary judgment on the AACWA claim, in either her response to Pacheco's Motion for Summary Judgment or the AACWA Motion, the Court will grant summary judgment to Defendant Pacheco on Count V. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In this same vein, the Court notes that in her response to the AACWA Motion, Plaintiff addresses only her claims against Defendants Atkins, Sandberg, Elam, Osborne, Gonzales, and Mullen, making no argument whatsoever concerning Defendants Grindell, Kalejta, and Buchanan. Therefore, the AACWA Motion will be granted as to Defendants Grindell, Kalejta, and Buchanan. *See id.*

Furthermore, the Court finds that all Social Worker Defendants are entitled to summary judgment on Plaintiff's AACWA claim on grounds of qualified immunity. The doctrine of qualified immunity protects government officials from individual liability under 42 U.S.C. § 1983 for actions taken while performing discretionary functions, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For the law to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Ordinarily this means that "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains." *Anaya v.*

*Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 594 (10th Cir. 1999)(quoting *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)).

While this Court has previously found that 42 U.S.C. § 671(a)(9) creates a private right of action, *see supra* p. 2, whether this right was "clearly established" at the time of the Defendant's actions, is a separate, distinct issue. Plaintiff cites *Artist M. v. Johnson*, 917 F.2d 980 (7th Cir. 1990); *L.J. by and through Darr v. Massinga*, 838 F.2d 118, 120 (4th Cir. 1988); and *Pearcy v. Douglas*, Civ. No. 95-0307 BB/DJS (D.N.M. Oct. 2, 1999)(Black, J.), as establishing that an implied right of action under 42 U.S.C. § 671(a)(9) existed before mid-1995, the time of the events at issue in this matter. The Court is not convinced.

In 1988 the Fourth Circuit held in *L.J.* that the statutory duty under the AACWA was "clear and certain," thereby negating any immunity defense. 838 F.2d at 122. While the court specifically discussed the duties imposed by 42 U.S.C. § 671(a)(9), as well as several other subsections, it did not apply the analysis now generally used to decide whether the particular provisions provide an enforceable federal right, an analysis which was applied by this Court. (*See* Mem. Op. and Order of Apr. 3, 1989, at 18-23.) Additionally, in a case decided more than a year after *L.J.*, the Tenth Circuit discussed the then current state of the law, noting that "[t]here is considerable doubt whether the AACWA confers any substantive rights that can be the subject of an action for damages under § 1983." *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (1989). The court further determined that it did not need to decide whether an action for damages was generally available under the AACWA, as the specific provision at issue there, § 671(a)(12), was not available to the plaintiffs before it. *Id.*

In *Artist M.*, the Seventh Circuit found an enforceable private right under the AACWA, again mentioning § 671(a)(9), but concentrating its discussion on § 671(a)(15), the "reasonable efforts"

subsection. The Supreme Court reversed that decision in 1992, holding that 42 U.S.C. § 671(a)(15) does not confer a private right enforceable as a § 1983 action, nor an implied cause of action for private enforcement. *Suter v. Artist M.*, 503 U.S. 347. Additionally, the Court commented in *dicta* that § 671(a)(9) "*does not afford a cause of action* to the respondents anymore that does the "reasonable efforts" clause of § 671(a)(15)." *Id.* at 359 n.10 (emphasis added). This language clearly called into doubt the Fourth Circuit's earlier decision in *L.J.*.

Finally, while Judge Black held in *Pearcy* that § 671(a)(9) creates an enforceable right, he did not discuss whether or when such a right was clearly established, as the defendants did not assert the defense of qualified immunity. Furthermore, his unpublished decision was entered in 1996, after the incidents at issue here.

Neither the Supreme Court nor the Tenth Circuit has ruled whether § 671(a)(9) confers a privately enforceable right. In a 1998 unpublished decision found by the Court, the Northern District of New York commented that "[t]here is some authority for the proposition that this provision [subsection (9)(A)] creates such a right," citing only to *L.J.*, however, and finding it unnecessary to decide the issue. *McMahon v. Tompkins Co. Dep't Soc. Servs.*, No. 95-CV-1134(RSP/GJD), 1998 WL 187421 at *7 (Apr. 14, 1998).

Thus, it was not clear in mid-1995 that Defendants could be held liable for violating M.W.'s rights under 42 U.S.C. § 671(a)(9). At that time, M.W.'s rights under this statutory provision were neither expressly established by, nor clearly implicit in, the existing case law.

**IT IS HEREBY ORDERED** that Social Worker Defendants' Motion for Summary Judgment on Adoption Assistance and Child Welfare Act (Docket No. 420), filed July 6, 1999 is

**DENIED**, to the extent it asserts that 42 U.S.C. § 671(a)(9) does not provide a private right of action under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED to Defendant Harry Pacheco on Count V of the First Amended Complaint**.

**IT IS FURTHER ORDERED** that Social Worker Defendants' Motion for Summary Judgment on Adoption Assistance and Child Welfare Act (Docket No. 420), filed July 6, 1999, is **GRANTED as to Defendants Maureen Grindell, John Kalejta, and Nora Buchanan**.

**IT IS FURTHER ORDERED** that Social Worker Defendants' Motion for Summary Judgment on Adoption Assistance and Child Welfare Act (Docket No. 420), filed July 6, 1999, is **GRANTED** on grounds of qualified immunity as to Defendants Atkins, Sandberg, Elam, Osborne, Gonzales, Grindell, Mullen, Kalejta, Buchanan, and Pacheco.

**IT IS FURTHER ORDERED** that Count V of Plaintiff's First Amended Complaint is **DISMISSED**.

*[signature]*

**UNITED STATES DISTRICT JUDGE**