IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDY BAILEY, guardian *ad litem* and next
friend for M.W. and V.W., minors,

      Plaintiff,

    vs.                                                                                                 No. CIV 96-959 LH/DJS

HARRY PACHECO, RAUL GONZALES,
SHARON MULLEN, BRENDA SANDBERG,
SUSAN ELAM, MAUREEN GRINDELL,
EFFIE OSBORNE, JOHN KALEJTA, NORA
BUCHANAN, SANTIAGO OLIVAS,
ROCHELLE OLIVAS and JAMES ATKINS, in
their personal capacities acting under color of
state law,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Social Worker Defendants' Motion for Partial Summary Judgment Regarding Claim for Dental Surgery (Docket No. 391), filed July 6, 1999. The Court, having reviewed the Motion, the accompanying memoranda, the record, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

Defendants Harry Pacheco, Raul Gonzales, Sharon Mullen, Brenda Sandberg, Susan Elam, Maureen Grindell, Effie Osborne, John Kalejta, Nora Buchanan, and James Atkins (Social Worker Defendants) move for summary judgment on what they describe as "Plaintiff's claim for liability based on approval for dental surgery." (Social Worker Defs.' Mot. Partial Summ. J. at 1.) As Plaintiff

correctly contends in her Response, she has not asserted a claim for relief based on the dental surgery performed on M.W. in May of 1995.

Apparently accepting Plaintiff's position, Social Worker Defendants attempt to restate their Motion, arguing in their Reply that "Plaintiff cannot, as a matter or [sic] law, establish that the decision to authorize dental surgery for M.W. constituted a failure to exercise reasonable professional judgment," and maintaining that the Court should grant partial summary judgment "establishing that the social worker Defendants exercised reasonable professional judgment regarding the dental surgery." (Reply Supp. Social Worker Defs.' Mot. Partial Summ. J. at 4.) They assert that "[a]ny event which Plaintiff claims evidences a failure to exercise [professional] judgment, but which is not supported by the evidence is properly disposed of on summary judgment," citing FED. R. CIV. P. 56(d). (*Id.* at 2.)

Neither Defendants' original Motion nor their amended argument is well taken. Pursuant to Rule 56, "[a] party against whom a claim . . . is asserted . . . may, at any time, move . . . for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Clearly, Social Worker Defendants' Motion for Partial Summary Judgment must address a claim against them, notwithstanding that upon a motion properly before it, the Court may make findings of uncontroverted material fact under Rule 56(d). The Social Worker Defendants' Motion does not do so and is therefore a nullity.

**IT IS HEREBY ORDERED** that Social Worker Defendants' Motion for Partial Summary Judgment Regarding Claim for Dental Surgery (Docket No. 391), filed July 6, 1999, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**