# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JUDY BAILEY, guardian *ad litem* and next
friend for M.W. and V.W., minors,

      Plaintiff,

  vs.                                                              No. CIV 96-959 LH/DJS

HARRY PACHECO, RAUL GONZALES,
SHARON MULLEN, BRENDA SANDBERG,
SUSAN ELAM, MAUREEN GRINDELL,
EFFIE OSBORNE, JOHN KALEJTA, NORA
BUCHANAN, SANTIAGO OLIVAS,
ROCHELLE OLIVAS and JAMES ATKINS, in
their personal capacities acting under color of
state law,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Santiago Olivas' Motion for Summary Judgment (Docket No. 375), filed July 2, 1999. The Court, having reviewed the Motion, the accompanying memoranda, the record, and the applicable law, and otherwise being fully advised, finds that Defendant's Motion is not well taken and will be **denied**.

Defendant asks the Court to revisit the issue of whether foster parents in New Mexico act "under color of state law," making them subject to suit under 42 U.S.C. § 1983. Although now in the form of a motion for summary judgment, his argument basically parallels that which he and Defendant Rachelle Olivas previously presented in separate Motions to Dismiss. Indeed, Defendant provides no new facts in this Motion, merely stating allegations from and only citing to Plaintiff's

Complaint (the original Complaint, rather than the First Amended Complaint) in his Statement of Undisputed Material Facts. (*See* Mem. Supp. Def. Santiago Olivas' Mot. Summ. J. at 1-3.)

In denying the Motions to Dismiss, the Court concluded that the Olivases acted under color of state law when they allegedly caused the injuries suffered by M.W., finding that Plaintiff "met her burden to plead a 'real nexus' between the authority the State granted the Olivases and the conduct they are alleged to have committed." (Mem. Op. and Order of Apr. 3, 1998, at 11.) In his Motion for Summary Judgment, Defendant repeats many of the same arguments he made earlier. He also attempts, however, to sever this "nexus," by claiming that he was not acting within the scope of his duties as a foster parent when he emotionally, physically, and sexually abused M.W. The Court is no more persuaded by Defendant now than it was before.

Defendant again asserts that "the overwhelming authority across the country . . . holds that foster parents are not acting under color of state law when they abuse foster children in their care and custody." (Reply at 4.) As earlier, however, the issue remains whether Olivas was acting under the color of New Mexico law, not under the color of some other state's law. (*See* Mem. Op. and Order of Apr. 3, 1998, at 7.) *See also G.Z. v. Hagloff*, No. CIV 96-1373 MV/WWD, at *11 (D.N.M. Dec. 8, 1998). Additionally, as the Court previously determined, the cases upon which Defendant relied, and continues to rely, are distinguishable from this matter. (*See* Mem. Op. and Order of Apr. 3, 1998, at 7-8 & n.2.) *See also G.Z.*, No. CIV 96-1373 MV/WD, at 10-12.

While there well may be similarities between the foster parent-state relationship in New Mexico and other states regarding issues such as the placement of children in foster homes and licensing, specialized training, and regulation, Defendant provides no evidence to support this contention. Regardless, such evidence would not end the Court's inquiry. As Defendant admits,

there are "indicia of a state actor" present in his case. (Mem. Supp. at 7). Furthermore, the Court remains steadfast in its conviction that these factors, combined with the legislative judgment of the State of New Mexico that foster parents are "public employees," N.M. Stat. Ann. § 41-4-3(F)(4); *see also Rayburn ex rel. Rayburn v. Farnesi*, 70 F. Supp. 2d 1334, 1344 (N.D. Ga. 1999)(Georgia statutory scheme explicitly defines and treats foster parents as state employees for sovereign immunity purposes, creating nexus between State and regulated activity of foster parents sufficient to make foster parents state actors for purposes of fourteenth amendment), and the fact that the State retained legal custody over M.W. and selected the Olivases as her foster parents, to take physical custody of her and to provide for her well-being, provide the "'real nexus' between the [Defendant's] use or misuse of [his] authority . . . and the violation alleg[ed]," *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). Thus, the Court need not even address whether Mr. Olivas was acting outside the scope of his duties. *See also G.Z.*, No. CIV 96-1373 MV/WD, at 8 ("The Court need not resolve here whether Defendant Hobbs' acts took him out of the Tort Claims Act definition of public employee, for it finds that there was a real nexus between Hobbs' misuse of his authority as a foster parent and the sexual abuse and that as a minimum Defendant Hobbs was clothed with apparent authority over Plaintiff G.Z.").

Clearly, Defendant was able to harm M.W. only because of his abuse of the authority and position of trust with which he was vested by the State. *See Giron v. Corrections Corp. of Am.*, 14 F. Supp. 2d 1245, 1247-51 (D.N.M. 1998). He acted under color of state law and, thus, is subject to suit under 42 U.S.C. § 1983.

**IT IS HEREBY ORDERED** that Defendant Santiago Olivas' Motion for Summary Judgment (Docket No. 375), filed July 2, 1999, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**